IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 17-cv-01415-CMA-SKC

TODD GORDON,
MARC MERCER,
KRISTEN MERCER,
MICHELLE FOWLER,
GREG LAWSON and
JUDY CONARD,

    Plaintiffs,

v.

CHIPOTLE MEXICAN GRILL, INC.,

    Defendant.

---

**ORDER GRANTING PLAINTIFFS' UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND PLAINTIFFS' UNOPPOSED MOTION FOR ATTORNEYS' FEES, LITIGATION EXPENSES, AND SERVICE AWARDS**

---

    This Matter is before the Court on Plaintiffs' Unopposed Motion for Final Approval of Class Action Settlement (Doc. # 122) and Plaintiffs' Unopposed Motion for Attorneys' Fees, Litigation Expenses, and Service Awards (Doc. # 112). For the reasons set forth in the Motions—and the reasons articulated by the Court on the record at the Final Fairness Hearing on December 12, 2019—the Court grants both Motions.

    The Court finds that the terms of the Settlement are fair, adequate, and reasonable. *See* Fed. R. Civ. P. 23(e); *Jones v. Nuclear Pharmacy, Inc.*, 741 F.2d 322, 324 (10th Cir. 1984) ("In assessing whether the settlement is fair, reasonable and adequate, the trial court should consider: (1) whether the proposed settlement was fairly

and honestly negotiated; (2) whether serious questions of law and fact exist, placing the ultimate outcome of the litigation in doubt; (3) whether the value of an immediate recovery outweighs the mere possibility of future relief after protracted and expensive litigation; and (4) the judgment of the parties that the settlement is fair and reasonable."). Specifically, the Court finds that:

a) The Settlement Agreement was the product of real, arms-length negotiations between experienced counsel who are well-versed in the legal and factual issues presented by this case. Each Party was represented by competent counsel who conducted the litigation vigorously and professionally, and there is no indication that any Party was unfairly pressured or coerced into agreeing to the Settlement. *In re Qwest Commc'ns Int'l, Inc. Sec. Litig.*, 625 F. Supp. 2d 1133, 1137–38 (D. Colo. 2009).

b) Serious questions of law and fact regarding the merits of Plaintiffs' claims and Defendant's defenses place the ultimate outcome of the litigation in doubt. Data breach cases such as the instant case are particularly risky, expensive, and complex, *see In re Sonic Corp. Customer Data Sec. Breach Litig.*, No. 1:17-md-2807, 2019 WL 3773737, at *7 (N.D. Ohio Aug. 12, 2019), and they present significant challenges to plaintiffs at the class certification stage. *Linnins v. HAECO Ams., Inc.*, No. 1:16CV486, 2018 WL 5312193, at *2 (M.D.N.C. Oct. 26, 2018) ("As of May 2018, nationwide only one data breach consumer class had been certified.") (referring to *Smith v. Triad of Ala., LLC*, No. 1:14-CV-324-WKW, 2017 WL 1044692, at *16 (M.D. Ala. Mar. 17, 2017)).

c) The value of immediate recovery outweighs the possibility of future relief after protracted and expensive litigation. Under the terms of the Settlement Agreement, Class Members who submitted valid claims will receive reimbursement of up to $250 for four categories of potential expenses, Class Members who experienced extraordinary expenses will receive up to $10,000 per claim, and all Class Members will benefit from changes to Defendant's data security practices. (Doc. ## 102-1 at 11-16, 123 at 5-6.)

d) The Parties judge the Settlement to be fair and reasonable, and no Class Member has objected to the Settlement. *See Rutter*, 314 F.3d at 1188. Class Counsel are experienced class action litigators who are very knowledgeable about the claims, remedies, and defenses at issue in this litigation. The Court believes deference to their judgment is appropriate in the instant case.

For the foregoing reasons, the Court finds that the terms of the Settlement are fair, adequate, and reasonable. It is therefore approved.

The Court also finds that certification of the Rule 23 Class is appropriate for settlement purposes under Fed. R. Civ. P. 23(a) and (b)(3):

- Joinder of all Class Members is impracticable. Roughly 10 million payment cards may have been affected by the security incident (Doc. # 103 at 21), and a total of 6,429 claims were timely submitted by Class Members (Doc. # 124 at 4).

- Several questions of law and fact are common across the Class, and common issues predominate over individual issues. Plaintiffs' and Class Members' claims all arise from the same Security Incident and same alleged course of conduct by Defendant. Common issues include whether Chipotle owed a duty to the Class Members, whether Chipotle breached those duties, and whether Chipotle knew or should have known that its computer and network systems were vulnerable to attack.

- A class action is the superior method to adjudicate this case.

- The Named Plaintiffs are typical of the Class, and their interests in this litigation are aligned with those of the Settlement Class.

- Plaintiffs and Class Counsel have zealously represented the Class and secured a positive outcome for Class Members.

The Court further finds that the Notice, and the distribution thereof, satisfied the requirements of due process under the Constitution and Federal Rule of Civil Procedure 23(e). The Notice complied with the requirements set forth in the Settlement Agreement and in this Court's Preliminary Approval Order (Doc. # 107). It gave the Settlement Class notice of the terms of the proposed Settlement Agreement; the rights of Class Members under the Settlement Agreement—including the rights to opt-out, object, and be heard at a Final Fairness Hearing; the application for counsel fees, costs and expenses; and the proposed service award payments to the Class Representatives.

The Court finds that this Notice was the best practicable under the circumstances and that it constitutes due and sufficient notice to all persons entitled to notice of class action settlement in the instant case. *See DeJulius v. New England Health Care Emp. Pension Fund*, 429 F.3d 935, 944 (10th Cir. 2005).

The Court also finds that the Parties have complied with the notice requirements of the Class Action Fairness Act of 2005, 28 U.S.C. § 1715, because the Claims Administrator served the United States Attorney General and 56 State and Territory Attorneys General with a Notice of Proposed Settlement. (Doc. # 124 at 2.)

The Court further finds that Class Counsel's requested attorneys' fees and costs of $1,200,000.00 is reasonable under the twelve factors from *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974) (adopted by *Gottlieb v. Barry*, 43 F.3d 474, 483 (10th Cir. 1994)).

Finally, the Court finds that Class Counsel's request for service awards of $2,500.00 for each Class Representative for their substantial time and effort in prosecuting the instant case is appropriate.

Therefore, the Court ORDERS as follows:

1. Plaintiffs' Unopposed Motion for Final Approval of Class Action Settlement (Doc. # 122) and Plaintiffs' Unopposed Motion for Attorneys' Fees, Litigation Expenses, and Service Awards (Doc. # 112) are GRANTED;

2. The Court GRANTS final certification of the Rule 23 Class for settlement purposes only. For purposes of the Settlement Agreement and this Final

Approval Order and Judgment only, the Court hereby certifies the following Settlement Class:

All persons residing in the United States who used a payment card to make a purchase at an affected Chipotle or Pizzeria Locale in-store point-of-sale device during the Security Incident, which as described in the definition of Security Incident occurred during the time frames and at the stores set forth in Exhibit F to the Settlement Agreement and Appendix A to the Publication Notice.

Excluded from the Settlement Class are:

(i) Chipotle and its officers and directors; (ii) all Settlement Class Members who timely and validly request exclusion from the Settlement Class; (iii) the Judge assigned to evaluate the fairness of this settlement; (iv) the attorneys representing the Parties in the Litigation; (v) banks and other entities that issued payment cards which were utilized at Chipotle during the Security Incident; and (vi) any other Person found by a court of competent jurisdiction to be guilty under criminal law of initiating, causing, aiding or abetting the criminal activity occurrence of the Security Incident or who pleads *nolo contendere* to any such charge;

3. The Parties, their respective attorneys, and the Claims Administrator are hereby DIRECTED to consummate the Settlement in accordance with this Order and the terms of the Settlement Agreement;

4. The Settlement does not constitute an admission of liability by Defendant, and the Court expressly does not make any finding of liability or wrongdoing by Defendant;

5. Pursuant to the Settlement Agreement, Plaintiffs and the Settlement Class Members release claims as follows:

any and all claims and causes of action that were or could have been brought in the Litigation based on, relating to, concerning or arising out of the Security Incident and alleged theft of payment card data or other personal information or the allegations, facts, or circumstances described in the Litigation including, without limitation, any violations of the Colorado,

5

Arizona, Missouri, Illinois, and similar state consumer protection statutes; any violation of the California Customer Records Act, California Unfair Competition Law, California Consumers Legal Remedies Act; negligence; negligence per se; breach of contract; breach of implied contract; breach of fiduciary duty; breach of confidence; invasion of privacy; misrepresentation (whether fraudulent, negligent or innocent); unjust enrichment; bailment; wantonness; failure to provide adequate notice pursuant to any breach notification statute or common law duty; and including, but not limited to, any and all claims for damages, injunctive relief, disgorgement, declaratory relief, equitable relief, attorneys' fees and expenses, pre-judgment interest, credit monitoring services, the creation of a fund for future damages, statutory damages, punitive damages, special damages, exemplary damages, restitution, the appointment of a receiver, and any other form of relief that either has been asserted, or could have been asserted, by any Settlement Class Member against any of the Released Persons based on, relating to, concerning or arising out of the Security Incident and alleged theft of payment card data or other personal information or the allegations, facts, or circumstances described in the Litigation.

Released Claims shall not include the right of any Settlement Class Member or any of the Released Persons to enforce the terms of the Settlement contained in the Settlement Agreement, and shall not include the claims of Settlement Class Members who have timely excluded themselves from the Settlement Class;

6. The Court approves Class Counsel's attorneys' fees and costs in the amount of $1,200,000.00. Such payment shall be made pursuant to the terms of the Settlement Agreement;

7. The Court approves service award payments of $2,500.00 each to Plaintiffs Todd Gordon, Marc Mercer, Kristen Mercer, Michelle Fowler, Greg Lawson, and Judy Conard, in recognition of their efforts on behalf of the Settlement Class. Such payment shall be made pursuant to the terms of the Settlement Agreement;

8. The Court retains continuing and exclusive jurisdiction over the Parties and all matters relating this Action, including the administration, interpretation,

construction, effectuation, enforcement, and consummation of the Settlement and this Order, without affecting the finality of this Final Approval Order and Judgment;

9. This case is hereby DISMISSED WITH PREJUDICE, without costs to any Party, other than as specified in the Settlement Agreement and this Order.

DATED: December 16, 2019

BY THE COURT:

CHRISTINE M. ARGUELLO
United States District Judge

7