**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 17-cv-01415-CMA-SKC

TODD GORDON,
MARC MERCER,
KRISTEN MERCER,
MICHELLE FOWLER,
GREG LAWSON and
JUDY CONARD,

      Plaintiffs,

v.

CHIPOTLE MEXICAN GRILL, INC.,

      Defendant.

## FINAL JUDGMENT

In accordance with the orders filed during the pendency of this case, and pursuant to Fed. R. Civ. P. 58(a), the following Final Judgment is hereby entered.

Pursuant to the Order Granting Plaintiffs' Unopposed Motion for Final Approval of Class Action Settlement and Plaintiffs' Unopposed Motion for Attorneys' Fees, Litigation Expenses, and Service Awards (Doc. # 128) entered by United States District Judge Christine M. Arguello, on December 16, 2019, it is

ORDERED that Plaintiffs' Unopposed Motion for Final Approval of Class Action Settlement (Doc. # 122) and Plaintiffs' Unopposed Motion for Attorneys' Fees, Litigation Expenses and Service Awards (Doc. #112) are GRANTED.  It is

FURTHER ORDERED that the Court GRANTS final certification of the Rule 23 Class for settlement purposes only.  For purposes of the Settlement Agreement and this

Final Approval Order and Judgment only, the Court hereby certifies the following

Settlement Class:

> All persons residing in the United States who used a payment card to make a purchase at an affected Chipotle or Pizzeria Locale in-store point-of-sale device during the Security Incident, which as described in the definition of Security Incident occurred during the time frames and at the stores set forth in Exhibit F to the Settlement Agreement and Appendix A to the Publication Notice.
>
> Excluded from the Settlement Class are:
>
> (i) Chipotle and its officers and directors; (ii) all Settlement Class Members who timely and validly request exclusion from the Settlement Class; (iii) the Judge assigned to evaluate the fairness of this settlement; (iv) the attorneys representing the Parties in the Litigation; (v) banks and other entities that issued payment cards which were utilized at Chipotle during the Security Incident; and (vi) any other Person found by a court of competent jurisdiction to be guilty under criminal law of initiating, causing, aiding or abetting the criminal activity occurrence of the Security Incident or who pleads *nolo contendere* to any such charge.  It is

FURTHER ORDERED that the Parties, their respective attorneys, and the Claims Administrator are hereby DIRECTED to consummate the Settlement in accordance with this Order and the terms of the Settlement Agreement.  It is

FURTHER ORDERED that the Settlement does not constitute an admission of liability by Defendant, and the Court expressly does not make any finding of liability or wrongdoing by Defendant.  It is

FURTHER ORDERED that pursuant to the Settlement Agreement, Plaintiffs and the Settlement Class Members release claims as follows:

> any and all claims and causes of action that were or could have been brought in the Litigation based on, relating to, concerning or arising out of the Security Incident and alleged theft of payment card data or other personal information or the allegations, facts, or circumstances described in the Litigation including, without limitation, any violations of the Colorado, Arizona, Missouri, Illinois, and similar state consumer protection statutes;

2

>   any violation of the California Customer Records Act, California Unfair Competition Law, California Consumers Legal Remedies Act; negligence; negligence per se; breach of contract; breach of implied contract; breach of fiduciary duty; breach of confidence; invasion of privacy; misrepresentation (whether fraudulent, negligent or innocent); unjust enrichment; bailment; wantonness; failure to provide adequate notice pursuant to any breach notification statute or common law duty; and including, but not limited to, any and all claims for damages, injunctive relief, disgorgement, declaratory relief, equitable relief, attorneys' fees and expenses, pre-judgment interest, credit monitoring services, the creation of a fund for future damages, statutory damages, punitive damages, special damages, exemplary damages, restitution, the appointment of a receiver, and any other form of relief that either has been asserted, or could have been asserted, by any Settlement Class Member against any of the Released Persons based on, relating to, concerning or arising out of the Security Incident and alleged theft of payment card data or other personal information or the allegations, facts, or circumstances described in the Litigation.

Released Claims shall not include the right of any Settlement Class Member or any of the Released Persons to enforce the terms of the Settlement contained in the Settlement Agreement, and shall not include the claims of Settlement Class Members who have timely excluded themselves from the Settlement Class.  It is

FURTHER ORDERED that the Court approves Class Counsel's attorneys' fees and costs in the amount of $1,200,000.00. Such payment shall be made pursuant to the terms of the Settlement Agreement.  It is

FURTHER ORDERED that the Court approves service award payments of $2,500.00 each to Plaintiffs Todd Gordon, Marc Mercer, Kristen Mercer, Michelle Fowler, Greg Lawson, and Judy Conard, in recognition of their efforts on behalf of the Settlement Class. Such payment shall be made pursuant to the terms of the Settlement Agreement.  It is

FURTHER ORDERED that the Court retains continuing and exclusive jurisdiction over the Parties and all matters relating this Action, including the administration,

4

interpretation, construction, effectuation, enforcement, and consummation of the Settlement and this Order, without affecting the finality of this Final Approval Order and Judgment.  It is

FURTHER ORDERED that this case is hereby DISMISSED WITH PREJUDICE, without costs to any Party, other than as specified in the Settlement Agreement and this Order.

DATED:  December 16, 2019.

FOR THE COURT:
Jeffrey P. Colwell, Clerk


By:    s/S. West
         S. West, Deputy Clerk